ASA P. HATHAWAY & another *vs.* N. B. HAYNES & trustee,

Norfolk.   Jan. 22. — March 5, 1878.

Where a draft is drawn by the shipper of goods on a third party, and a bill of lading, in which the shipper is named as consignee, is indorsed in blank by him and attached to the draft, and delivered to a bank discounting the draft, as collateral security for the money advanced, such delivery transfers a special property in the goods to the bank; and, if the goods come wrongfully into the possession of a person who sells them, and is summoned as trustee of the shipper in an action by another creditor, the bank may appear as adverse claimant, and has a better title to the proceeds of the goods than the attaching creditor.

CONTRACT against N. B. Haynes, doing business under the name of N. B. Haynes & Co., for goods sold and delivered. Writ dated October 31, 1874. Augustus J. Richards, surviving partner of the firm of Joseph Loud & Company, summoned as trustee, answered, admitting funds in his hands to the amount of $805.34. The Mechanics' National Bank of Peoria, in the State of Illinois, appeared as adverse claimant of the funds in the hands of the trustee.

At the trial in the Superior Court, without a jury, before *Bacon*, J., of the issue raised by the claimant's answer, it appeared in evidence that on October 2, 1874, the principal defendant, who did a general grain and commission business at Peoria, Illinois, obtained a discount of the claimant bank of a draft for $3500, drawn on Knowles & Co., Nashua, New Hampshire, in favor of the claimant bank, which the bank discounted on the strength of certain bills of lading of corn, accompanying and fastened to the draft, and indorsed by the defendant, " N. B. Haynes & Co.," who were the consignees therein named, and owned the corn therein described. The draft was protested and returned. Two other drafts, the same in all respects excepting dates, were at short intervals drawn by Haynes, the bills of lading connected therewith, and these were also returned to the bank protested. On October 24, 1874, a similar draft, except that it was drawn on J. N. Barr & Co., of Nashua, was given the bank by the defendant, with a statement that it would be paid on presentation ; the bank annexed to this draft the bills of lading, but this draft was also returned unpaid. No part of said sum of $3500, so advanced to Haynes, has been repaid. Part of

the corn covered by the bills of lading came into the hands of Joseph Loud & Co., of Weymouth, in this Commonwealth, and was disposed of by them, and the sum of $805.34, in the hands of the trustee, standing to the credit of Haynes, is the proceeds thereof.

The plaintiff asked the judge to rule as follows:

"1. That the bills of lading annexed to the draft, as in this case, did not create a lien upon the corn shipped in behalf of the bank.

"2. That the corn shipped to the order of N. B. Haynes & Co., and the draft upon Knowles & Co., of Nashua, did not constitute or create a lien upon said corn shipped, in behalf of the bank.

"3. That Haynes & Co., being the consignees, did not part with title nor possession; and the bank by this transaction acquired neither title nor possession.

"4. That the draft known to be drawn by the bank by Haynes & Co. upon J. N. Barr & Co., and accepted by the bank, was an abandonment of the prior draft, and a waiver of a lien, if it existed, upon the corn shipped."

The judge declined so to rule, but ruled that, as Haynes & Co. owned the corn and held the bills of lading representing it, the transaction between them and the claimant vested in the latter at least a special property in the corn, by virtue of which the claimant could hold and recover the proceeds in the hands of Loud & Co., who had, so far as appeared, without right, got possession of the corn, and that the bank had not waived or lost said right; and found for the claimant.

The plaintiffs alleged exceptions to the rulings and refusals to rule as requested.

*A. R. Brown & E. A. Alger*, for the plaintiffs.

*J. R. Bullard*, for the claimant.

LORD, J. This case does not involve the question so elaborately discussed in *National Bank of Commerce* v. *Merchants' National Bank*, 91 U. S. 92, whether the acceptor of a bill of exchange or draft, to which an indorsed bill of lading is attached, has the right of a simultaneous delivery of the bill of lading, as a condition of his acceptance of the draft or bill. For in this case the draft was protested, undoubtedly, for its non-acceptance by

the drawee, and not for the reason that the bill of lading accompanying it was refused to him. The draft thus protested for non-acceptance was drawn by Haynes and discounted by the claimant bank. At the same time, the bill of lading consigning the goods to the drawee was indorsed in blank by Haynes & Co., attached to, and delivered with, the draft to the claimant bank. Such indorsement and delivery to one who advances money upon a draft has been so many times held to be a transfer of some interest in the goods shipped by such bill of lading, that a discussion of the subject is unnecessary. A leading case on this subject is *De Wolf* v. *Gardner*, 12 Cush. 19, which, though not identical in the form in which the property drawn against was secured to the holder of the bill, is in principle the same as in this case. In that case, the subject was considered by Chief Justice Shaw in his usual exhaustive manner, and the principle has been recognized in a great variety of cases, not only in this court, but in others. There can be no question that the assignment in blank of the bill of lading to the claimant bank, by reason of its discounting the draft, conveyed an interest in the property to the bank; and whether that interest was as security only that the bill should be accepted, or that it should be both accepted and paid, it is immaterial to inquire. The claimant bank, by the indorsement of the bill of lading, was entitled to hold it, and the property described in it, as against Haynes. The trustee is found in this case to be holding the proceeds of the property without right, and, though facts enough are not disclosed to show whether he would be liable to any one in tort for the conversion of the property, yet, if so, the true owner might waive the tort, and claim the proceeds in an action of contract. As between **Haynes** and the claimant bank, the latter is the true owner. *Exceptions overruled.*