JOHN P. CLARY, Respondent, v. GEORGE A. TY-
SON, Defendant; CITIZENS' STATE BANK, In-
terpleader, Appellant.

**Kansas City Court of Appeals, January 5, 1903.**

**Sales: PRINCIPAL AND AGENT: OWNER: SECURITY: BILL OF
LADING: ATTACHMENT: FRAUD.** The interpleader bank al-
lowed the defendant to buy hogs and draw his checks on it with the
understanding that the bank should have two dollars per car for
the use of the money. The defendant shipped the stock and delivered
the unindorsed bill of lading with a draft to the bank. *Held*: (1)
Defendant and not the bank was the owner of the hogs and there
was no relation of agency between them. (2) That the bank was
defendant's creditor and the unindorsed bill of lading with the ac-
companying draft operated as security to the bank for its debt,
and was superior to the claim of an attaching creditor. (3) Whether
the arrangement between the defendant and bank was affected with
fraud was a question for the jury under all the facts.

Appeal from Buchanan Circuit Court.—*Hon. W. K.
James*, Judge.

REVERSED AND REMANDED.

*F. I. Foss* and *Porter & Groves* for appellant.

(1) The arrangement between the interpleader
bank and Tyson, by which the hogs were bought for the
bank by Tyson in his own name was valid; there is no
controversy between Tyson and the bank as to the
ownership of the property; it is not claimed that the at-
taching creditor is in any manner injured by the trans-
action, his being an antecedent debt. Anderson v. Bid-
dle, 10 Mo. 23. If the arrangement had been for a lien
upon the property in favor of the bank, the lien would
have attached to the property in Tyson's hands, and
could have been enforced against the creditors of Tyson.
Jones on Liens, sec. 63. (2) Whether the effect of the

agreement was to create a lien on the property for the money advanced, or to make Tyson a trustee of the bank, is not material; the effect and the principle are the same. If the purchase and consignment of the hogs in Tyson's name, under the circumstances, raised a question as to the ownership of the property, the question was settled by Tyson's draft on the consignee in favor of the bank, and delivery to it of the bill of lading. 1 Benj. on Sales (4 Am. Ed.), sec. 577. This whether the bill of lading is indorsed or not. Holmes v. Bailey, 92 Penn. 57; Hathaway v. Haynes, 124 Mass. 311; Shaw v. Bank, 101 U. S. 557. (3) As there was in the case no question of intervening rights arising out of Tyson's apparent ownership of the hogs, the interpleader's claim to the property could only be defeated by proof of actual fraud. There was no evidence to support plaintiff's allegations of actual fraud; but if respondent contends that there was, the contention, if sustained must result in a reversal because it raised a question which the court could not lawfully take from the jury by mandatory instruction. McDermot v. Barnum, 16 Mo. 123; Mathews v. Loth, 45 Mo. App. 459; Frankenthal v. Goldstein, 44 Mo. App. 189.

*D. C. Reeves* and *Stauber, Crandall & Strop* for respondent.

(1) In attachment proceedings the right to interplead is, under our statutes (R. S. 1899, sec. 417) in the nature of an action in replevin engrafted upon the suit by attachment. Burget v. Borchert, 59 Mo. 80; Hellman v. Pallock, 47 Mo. App. 205; Huiser v. Beck, 55 Mo. App. 668; Spooner v. Ross, 24 Mo. App. 599; Paper Co. v. Mangan, 60 Mo. App. 76. (2) The demurrer to the evidence was properly sustained by the trial court. Clark v. Railroad, 36 Mo. 202; Smith v. Railroad, 37 Mo. 287; Krampe v. Brewing Ass'n, 59 Mo. App. 277; Callahan v. Warne, 40 Mo. 131; Twohey v. Fruin, 96 Mo. 104. It is not an error to take the case from the jury where the facts and legal inference to be drawn

therefrom will not support a verdict.    Knapp-Stout v. Joy, 9 Mo. App. 47; Jackson v. Hardin, 83 Mo. 175; Mexico v. Jones, 27 Mo. App. 534; Reichenbach v. Ellerbe, 115 Mo. 588; Hite v. Railroad, 130 Mo. 132.    (3) The arrangement between Geo. A. Tyson and the interpleader bank, constituted Mr. Tyson the absolute owner of the hogs instead of said bank.    Kollock v. Emmert, 43 Mo. App. 566; McDonald v. Boggs, 78 Mo. App. 28.

ELLISON, J.—Defendant was indebted to plaintiff in about $300 and the latter brought suit by attachment against him.    The sheriff seized a carload of hogs (then just arrived in St. Joseph) as the property of defendant.    The appellant herein filed its interplea claiming the property.    The hogs were sold by order of court and the proceeds, amounting to more than plaintiff's claim against defendant, will be held by the sheriff awaiting the result of the interplea.    The trial court gave a peremptory instruction against interpleader at the conclusion of its evidence, without hearing from plaintiff.    Interpleader then appealed.

The bank's cashier was the principal witness and he testified that the interpleader bank and defendant Tyson were of the same town in the State of Nebraska. That it was arranged between the bank and Tyson (who had no money) that the latter should buy stock of the farmers in the surrounding country and give his checks on the bank in payment and that it would honor them when presented.    That the stock was to be driven in and shipped to market, a draft for the amount of the shipment with the bill of lading was to be delivered to the bank and the latter was to get "two dollars per car for the use of the money."    The stock was so bought and was shipped to Harris & Co., commission men at St. Joseph, defendant delivering the bill of lading to the bank without indorsement.    The witness stated that Tyson bought for the bank and seeks to convey the impression that the stock was the property of the bank gathered together by Tyson as an agent.    But we refuse to allow that theory.    The face of the whole case shows

that the stock was Tyson's. The bank knew nothing of his purchases or his prices and had no interest in the profits or losses, or other interest, save two dollars per car for the use of the money advanced.

But the bank by advancing the money for the purchase of the stock became Tyson's creditor and had a right to secure itself to the amount of its claim. And it did effectually do so by receiving the draft and bill of lading from Tyson. The delivery of the bill of lading was a transfer of the property to the bank by way of security although it was not indorsed. Its indorsement was not a necessary thing to the validity of the transfer. Bank v. Homeyer, 45 Mo. 145; Bank v. Railroad, 62 Mo. App. 531; Dymock v. Railroad, 54 Mo. App. 400; Porter on Bills of Lading, secs. 496, 497, 504, 507, 508; Holmes v. Bailey, 92 Pa. St., 57; Hathaway v. Haynes, 124 Mass. 311. The property remained thus pledged to interpleader in the hands of the disinterested consignee at St. Joseph and was therefore superior to plaintiff's claim as an attaching creditor.

Of course, if it can be shown, as is charged, that the arrangement between the bank and Tyson was a fraudulent cover for him whereby he might conceal his deals and his property from his creditors, then the bank would lose its right through its guilt in the transaction. But that is a question of fact in which all relevant circumstances may be shown and about which the parties have the right to the opinion of a jury. The judgment will be reversed and the cause remanded. All concur.